Anthony John Ovecka v. Commissioner.
Ovecka v. Commissioner
Docket No. 34288.
United States Tax Court
1952 Tax Ct. Memo LEXIS 109; 11 T.C.M. (CCH) 874; T.C.M. (RIA) 52252; August 18, 1952
*109 Anthony John Ovecka, pro se. John E. Mahoney, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion The above entitled proceeding was called from the Newark, New Jersey, calendar for hearing on the merits and was heard in New York, New York, June 23, 1952. At the conclusion of the hearing for the submission of evidence, the presiding judge announced from the bench that decision would be entered for the respondent. Respondent determined deficiencies in income tax and penalties in the amounts and for the calendar years as follows: 10%
5%
Year
Deficiency
Penalty
Penalty
1944
$291.00
$14.55
1945
484.00
24.20
1946
543.70
$54.37
27.19
1947
175.00
8.75
The correctness of each such determination is in issue. Findings of Fact The petitioner is an individual with residence at Mountainside, New Jersey. The returns for the taxable years 1944, 1945, 1946 and 1947 were filed with the collector of internal revenue at Newark, New Jersey. For the taxable year 1944, the petitioner received additional unreported income from his partnership share of the enterprise known as Hotel #29 in the amount of $1,660 *110 instead of a reported loss claimed from this enterprise in the amount of $342.95, resulting in an adjustment of income to the petitioner for the taxable year in the amount of $2,002.95. For the taxable year 1945 the petitioner's partnership share of the enterprise known as Hotel #29 was $3,396.14 instead of the amount of $1,090.51, as shown on his return, resulting in an adjustment of additional unreported income in the amount of $2,305.63. For the taxable year 1946 the petitioner's partnership share of the enterprise known as Hotel #29 was $5,100 instead of the amount of $2,187.96 as shown on his return, resulting in an adjustment of additional unreported income in the amount of $2,912.04. For the taxable year 1947 the petitioner's partnership share of the enterprise known as Hotel #29 was $1,030.66, all of which is additional unreported income. No evidence was introduced to refute the determinations of the respondent as set forth in the notice of deficiency. Opinion HILL, Judge: At the hearing in this proceeding the petitioner appeared pro se and was not represented by counsel. Petitioner testified as a witness and presented in his behalf one other person as a witness. *111 No evidence whatsoever was presented to negative the correctness of the determinations of the deficiencies and penalties hereinabove set forth. In the absence of such evidence the determinations of deficiencies and penalties by the respondent as above set forth are, as a matter of law, presumed prima facie correct. Our findings of fact herein are based upon such presumption and in accordance with such findings we hold that decision should be entered herein for respondent as to each of the determinations made herein as set forth. Decision will be entered for the respondent.